**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**KATHERYN CERRITOS-ALVAREZ, A# 206476440,**

      **Petitioner,**

v.                                               **Case No. 2:26cv186**

**PAUL PERRY,**

      **Respondent.**

## <u>REPORT AND RECOMMENDATION</u>

Pending before the Court is a Petition for a Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF No. 1. Respondents oppose granting the Petition. ECF No. 8. This case was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Rule 72(b) of the Federal Rules of Civil Procedure. For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **DENIED** without prejudice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court received and filed the Petition on February 25, 2026. ECF No. 1. Petitioner Katheryn Cerritos-Alvarez ("Petitioner") is a native and citizen of El Salvador who is currently detained pursuant to 8 U.S.C. § 1231 at the Caroline Detention Facility pending her removal to El Salvador. ECF No. 8, attach. 1 at 3, 6. On January 25, 2014, Border Patrol officers encountered Petitioner at or near Rio Grande City, Texas after Petitioner crossed into the United States from Mexico without inspection by an immigration officer at a designated port of entry. *Id.* At that time, Petitioner was determined to be an unaccompanied alien child ("UAC") and was transferred to the custody of the U.S. Department of Health and Human Services, Office of Refugee

Resettlement ("ORR"). *Id.* Petitioner was subsequently released from ORR custody on February 26, 2014. *Id.* On January 25, 2014—the same date Border Patrol officers encountered Petitioner—Petitioner was issued a Notice to Appear ("NTA"), charging her as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. *Id.* at 4. The NTA was filed with the Immigration Court on March 31, 2014. *Id.*

Petitioner was scheduled to appear before the Immigration Court on April 11, 2017, for a master calendar hearing. *Id.* On April 8, 2017, however, Petitioner was arrested by the Manassas City, Virginia Police Department and booked into the Prince William-Manassas Adult Detention Center on three counts of misdemeanor identity fraud in violation of Virginia Code § 18.2-204.1. *Id.* On April 25, 2017, Petitioner was convicted of an amended charge under Virginia Code § 18.2-119 and sentenced to twelve months' imprisonment, with eleven months suspended. *Id.* As a result of her arrest and detention in state custody, Petitioner failed to appear at her April 11, 2017, hearing, and an Immigration Judge ordered her removed in absentia to El Salvador. *Id.*

On April 24, 2017, a joint motion to reopen Petitioner's removal proceedings was filed with the Immigration Court, and the motion was granted on May 9, 2017. *Id.* Following reopening of removal proceedings, Petitioner was scheduled for another master calendar hearing on November 9, 2017. *Id.* Petitioner again failed to appear, and an Immigration Judge ordered her removed in absentia to El Salvador. *Id.* On December 7, 2017, Petitioner filed a motion to rescind the in absentia removal order and reopen proceedings, which was denied on May 7, 2018. *Id.* at 5.

On June 6, 2018, Petitioner filed a motion to reopen and reconsider, which was denied on June 27, 2018. *Id.* Petitioner appealed that decision to the Board of Immigration Appeals ("BIA") on July 25, 2018. *Id.* On January 23, 2020, the BIA remanded Petitioner's case to the Immigration

Court for preparation of a full decision setting forth the relevant facts and legal analysis. *Id.* On May 11, 2020, an Immigration Judge denied Petitioner's motion to reconsider and reopen her in absentia removal order. *Id.* Petitioner filed a second appeal with the BIA on June 11, 2020, which remains pending. *Id.*

On March 30, 2022, Petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal with U.S. Citizenship and Immigration Services ("USCIS"). *Id.* On December 14, 2025, Petitioner appeared at the Enforcement and Removal Operations ("ERO") Washington Field Office for a scheduled appointment. *Id.* Following a review of Petitioner's case, ERO determined that Petitioner was subject to detention and removal pursuant to the in absentia removal order issued on November 9, 2017, and reaffirmed on May 11, 2020. *Id.* at 5–6. Petitioner was then taken into civil immigration custody. *Id.* at 6.

On January 7, 2026, Petitioner, through counsel, filed a motion for custody redetermination with the Immigration Court, and a hearing was held on January 15, 2026. *Id.* On the same date as the hearing, the Immigration Judge denied the motion for lack of jurisdiction. *Id.* On February 20, 2026, Petitioner renewed her motion for custody redetermination, asserting an intervening change in law. *Id.* On February 27, 2026, Petitioner was interviewed by a USCIS asylum officer regarding her pending Form I-589. *Id.* On March 3, 2026, an Immigration Judge granted Petitioner's renewed motion and scheduled a bond redetermination hearing for March 12, 2026, but on that date, Petitioner's request for custody redetermination was denied for lack of jurisdiction. *Id.* On March 4, 2026, USCIS issued a UAC Decision Notice finding Petitioner not eligible in connection with her Form I-589 application for asylum. *Id.*

Petitioner filed the Petition on February 25, 2026, arguing that her continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment because she has

3

been denied a constitutionally adequate bond hearing. ECF No. 1 at 2–3. Petitioner argues that the Immigration Judge who denied her request for custody redetermination on January 15, 2026, did so solely for lack of jurisdiction, without making any individualized findings as to whether she poses a danger to the community or a flight risk, and without requiring the government to justify her continued detention. *Id.* at 2. Petitioner argues that, as a result, she remains detained without meaningful procedural safeguards. *Id.* at 3. She therefore requests that the Court order a constitutionally adequate bond hearing, stay her removal pending resolution of the Petition, "expedite consideration," and grant any additional relief deemed appropriate. *Id.*

Respondent filed an Opposition to the Petition on March 13, 2026, along with the Declaration of Justin Richardson, Supervisory Detention and Deportation Officer at ICE. ECF No. 8; ECF No. 8, attach. 1. Respondent argues that the Petition should be dismissed because Petitioner's detention complies with *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). ECF No. 8 at 4–5. Specifically, Respondent argues that Petitioner's detention has not exceeded six months and thus remains within the presumptively reasonable period set by *Zadvydas*, and that Petitioner cannot demonstrate that her removal is not reasonably foreseeable. *Id.* Respondent further argues that Petitioner requests additional due process than what is required under *Zadvydas*, and that even if Petitioner was entitled to additional due process, the relevant test under *Mathews v. Eldridge* does not require the relief she seeks and weighs in favor of her continued detention. *Id.* at 5–11. Petitioner did not file a reply to Respondent's Opposition, and the time to do so has expired.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2241, federal courts are authorized to issue a writ of habeas corpus to one who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The writ of habeas corpus has traditionally 'served as a means of

reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.'" *Luna Sanchez v. Bondi*, No. 1:25-CV-018888, 2025 WL 3191922, at *2 (E.D. Va. Nov. 14, 2025) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Habeas is "regularly invoked on behalf of noncitizens." *Id.* (quoting *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025)) (additional citations omitted).

Pursuant to the Due Process Clause of the Fifth Amendment, no *person* shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Due Process Clause extends to *all* persons, including "aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "As the Supreme Court has recognized, 'habeas corpus in the federal courts provides a mode for the redress of denials of due process of law. Vindication of due process is precisely its historic office.'" *Castaneda v. Perry*, 95 F.4th 750, 762 (4th Cir. 2024) (citing *Fay v. Noia*, 372 U.S. 391, 402 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977)).

After an order of removal becomes final, the Attorney General "shall detain the alien" during the ninety-day removal period established under 8 U.S.C. § 1231(a)(2). *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). The Supreme Court in *Zadvydas* held that the INA contains an implicit limitation of this detention period past ninety days: detention is presumptively reasonable for up to six months. *Id.* After that six-month period has elapsed, if the alien[1] demonstrates "that there is no significant likelihood of removal in the reasonably foreseeable future," then the Government must respond with evidence sufficient to rebut that showing. *Id.* The six-month presumption does not require automatic release once an alien's detention reaches six months; rather, an alien may

---

[1] Consistent with the INA's text, the Court uses the term "alien" here. *See* § 1101(a)(3) (defining an "alien" as "any person not a citizen or national of the United States").

5

remain detained until it is determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

Respondent argues that Petitioner's detention complies with *Zadvydas* because Petitioner has not been detained for longer than six months. ECF No. 8 at 4. Petitioner has been in post-final order of removal detention for approximately three months, since December 14, 2025. *Id.* Thus, Respondent argues, her detention falls within the presumptively reasonable period of six months, and her continued detention to effectuate her final order of removal is lawful. *Id.*

Here, Petitioner has been in post-final-order detention since December 14, 2025, for only approximately three months. Accordingly, her detention falls within the six-month presumptively reasonable period recognized in *Zadvydas*.[2] Petitioner also does not allege, nor does the record suggest, that her removal to El Salvador is not reasonably foreseeable. Absent such a showing, her continued detention does not implicate the constitutional concerns addressed in *Zadvydas*, and Respondent is entitled to maintain custody to effectuate her removal.

Petitioner's argument that she is entitled to a bond hearing at which the government must justify her detention likewise fails. *Zadvydas* established the process that is required in the context of post-removal-order detention, and subsequent precedent has confirmed that this framework defines the scope of due process in such cases. *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) ("[T]he *Zadvydas* standard *is* due process: a § 1231 detainee who fails the *Zadvydas* test

---

[2] The structure of *Zadvydas* confirms that the six-month period operates as a presumption rather than a rigid jurisdictional bar. During the initial six months, detention is presumptively reasonable and the government bears no burden to justify confinement. However, that presumption may be overcome if a petitioner demonstrates that removal is not reasonably foreseeable, even within the six-month period. *See Cruz Medina v. Noem*, 794 F. Supp. 3d 365, 375 (D. Md. 2025) ("During the six-month period, '[t]he presumption of reasonableness is the default,' and the government 'bears no burden to justify detention.' . . . But if a petitioner 'claim[s] and *prove[s]* . . . that his removal is not reasonably foreseeable'—including during the six-month period—the petitioner 'can overcome that presumption' and detention is no longer authorized." (citation omitted)). Here, even assuming such a showing could be made at this stage, Petitioner has not alleged, much less demonstrated, that her removal is not reasonably foreseeable.

fails to prove a due process violation."). That framework does not require the individualized bond hearing that Petitioner seeks but instead focuses on the duration of detention and the foreseeability of removal. *See id.* ("We have already determined that [the petitioner] is not entitled to relief under *Zadvydas* because he has failed to show that his removal is not likely to occur in the reasonably foreseeable future. For that reason, [petitioner's] detention pending his withholding-only proceedings does not, standing alone, offend the Due Process Clause. And if his detention does not offend the Due Process Clause, then the unavailability of another bond hearing before an [immigration judge], the very purpose of which is to seek release from detention, does not either."). Because Petitioner remains within the presumptively reasonable period and has not shown that her removal is not reasonably foreseeable, she has not established a violation of her due process rights and is therefore not entitled to the individualized bond hearing she seeks.

Finally, Petitioner does not demonstrate "exceptional circumstances" necessary to justify a departure from the *Zadvydas* framework. "[A]s-applied constitutional challenges remain available to address 'exceptional' cases" that warrant departing from the *Zadvydas* framework. *Id.* at 761 (quoting *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 583 (2022)). Here, Petitioner does not allege, nor does the record suggest, any exceptional circumstances warranting a departure from the *Zadvydas* framework. Petitioner argues that her continued detention without a bond hearing violates her due process rights, but the length of detention alone does not render circumstances "exceptional." *See id.* Petitioner also has not shown that the government has delayed the resolution of her removal proceedings, which further supports adherence to the *Zadvydas* framework. *See Castaneda*, 95 F.4th at 761. Because the record does not reflect any type of exceptional circumstances, Petitioner has not shown that relief outside the *Zadvydas* framework is warranted.

7

Accordingly, the Court finds that Petitioner is not entitled to habeas relief at this time, without prejudice to her ability to refile should her detention extend beyond the presumptively reasonable period under *Zadvydas*, or should removal become not reasonably foreseeable.

## III. RECOMMENDATION

For the reasons explained above, the Court **RECOMMENDS** that the Petition, ECF No. 1, be **DENIED** without prejudice.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner at his address on record.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 31, 2026

9